# In The United States District Court
# For The Southern District of Iowa

| | |
|---|---|
| **ANIMAL LEGAL DEFENSE FUND**; **PEOPLE FOR THE ETHICAL TREATMENT OF ANIMALS, INC.**; **BAILING OUT BENJI**; **FOOD & WATER WATCH**; and **IOWA CITIZENS FOR COMMUNITY IMPROVEMENT**<br><br>*Plaintiffs*,<br><br>v.<br><br>**KIM REYNOLDS**, in her official capacity as Governor of Iowa, **TOM MILLER**, in his official capacity as Attorney General of Iowa, **VANESSA STRAZDAS**, in her official capacity as Cass County Attorney, **CHUCK SINNARD**, in his official capacity as Dallas County Attorney, and **JOHN GISH,** in his official capacity as Washington County Attorney<br><br>*Defendants*. | Case No.: 4:21-cv-00231<br><br>**PLAINTIFFS' RESISTANCE TO DEFENDANTS' MOTION FOR DENIAL OR CONTINUANCE OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT UNDER RULE 56(d)** |

Once again, Defendants' papers prove they cannot justify their positions and this case should quickly be resolved in Plaintiffs' favor. Defendants ask this Court to deny or delay resolution of Plaintiffs' motion for summary judgment, Dkt. No. 23, under Federal Rule of Civil Procedure 56(d), so they can seek discovery. However, Defendants' discussion reveals no discovery is necessary or appropriate. Thus, their requests for denial or delay should be rejected and the Court should adjudicate Plaintiffs' pending motion.

As to Defendants' requested alternative relief, Plaintiffs do not object to Defendants' desired 28-day extension for responding to Plaintiffs' motion for summary judgment in light of defense counsel's preexisting commitments. Plaintiffs merely ask that they be granted a 7-day extension for their reply, given Plaintiffs' counsel's preexisting commitments that will be impacted

1

by Defendants' requested extension. Defendants fail to mention that Plaintiffs reached out to Defendants to discuss an amenable briefing schedule before they filed their summary judgment motion. Plaintiffs would have happily engaged in those discussions prior to Defendants' filing—and thereby spared the Court refereeing a non-existent scheduling dispute—had Defendants attempted to contact Plaintiffs.

Returning to Defendants' request for denial or delay of Plaintiffs' summary judgment motion: "[A] party may file a motion for summary judgment at any time until 30 days after the close of all discovery." Fed. R. Civ. P. 56(b). Under Rule 56(d), a nonmovant can oppose a request for summary judgment on the basis that it has not yet been able to obtain "facts essential to justify its opposition," but it cannot do so by merely asserting discovery is warranted; it must provide "specified reasons" that additional relevant discovery is required. Fed. R. Civ. P. 56(d). "Fed. R. Civ. P. 56(d) does not require trial courts to allow parties to conduct discovery before entering summary judgment." *Maday v. Dooley*, 2019 WL 4935705, at *52 (D.S.D. Mar. 8, 2019) (report and recommendation) (citing *Anzaldua v. Northeast Ambulance Fire Protection Dist.*, 793 F.3d 822, 836 (8th Cir. 2015)); *see also Oppedahl v. Navistar, Inc.,* 2015 WL 12866992, at *2 (S.D. Iowa June 9, 2015) (Rose, J.) (explaining summary judgment can be granted before discovery is complete). Instead, a party seeking to evade summary judgment under Rule 56(d) must demonstrate discovery could "rebut the movant's showings of the absence of a genuine issue of fact." *Jackson v. Riebold*, 815 F.3d 1114, 1121 (8th Cir. 2016). A Rule 56(d) movant "may not simply rely on vague assertions that additional discovery will produce needed, but unspecified facts." *Newkirk v. GKN Armstrong Wheels, Inc.*, 168 F. Supp. 3d 1174, 1194 n.12 (N.D. Iowa 2016). In fact, if the "Defendant has not specified how the desired evidence is 'essential to justify [his] opposition' … 'postponement of a ruling on a motion for summary judgment is unjustified.'"

*Russell v. Anderson*, 2018 WL 3650029, at *2 (D. Neb. Aug. 1, 2018) (brackets in original) (quoting Fed. R. Civ. P. 56(d) and *Humphreys v. Roche Biomed. Labs., Inc.*, 990 F.2d 1078, 1081 (8th Cir. 1993)).

Continuing the pattern that led Plaintiffs to file their summary judgment motion, Defendants' request to deny or delay adjudication of Plaintiffs' motion for summary judgment fails to carry their burden, establishing Plaintiffs' motion should proceed. *Russell*, 2018 WL 3650029, at *2. Defendants' motion merely states any or all of the issues in the case "*may* require written discovery and depositions." Dkt. No. 26, at 2 (emphasis added). In other words, Defendants do not even bother to make the insufficient "vague assertions" that there are "unspecified facts" that could aid them, making the lesser claim that there *could be* unspecified facts that could aid them in some unknown way. *Newkirk*, 168 F. Supp. 3d at 1194 n.12.

The additional specificity in Defendants' brief, Dkt. No. 26-1, and declaration, Dkt. No. 26-2, still fails to identify any discovery that is "essential" to opposing Plaintiffs' motion, as was Defendants' obligation. *E.g.*, Fed. R. Civ. P. 56(d); *Russell*, 2018 WL 3650029, at *2. Defendants argue they "should be given time to conduct discovery to probe both the ripeness and merits of Plaintiffs' *as applied* constitutional claims." Dkt. No. 26-1, at 5-6 (emphasis added); *see also* Dkt. No. 26-2 ¶¶ 6, 7(c)-(d). However, Plaintiffs' present summary judgment motion does not seek relief based on their as-applied claims. Plaintiffs explain that the State's admissions establish Iowa Code § 727.8A is facially invalid. Dkt. No. 23-1 (Pltfs.' Summary Judgment Br.), at 3-4, 18. Discovery to dispute an argument not raised is certainly not essential.

Defendants also state they require discovery to test Plaintiffs' standing, but only identify potential discovery into *some* Plaintiffs, failing to identify any discovery related to the other Plaintiffs. As Plaintiffs' summary judgment brief explains, if any Plaintiff has standing, that is

sufficient to reach the merits. *E.g.*, Dkt. No. 23-1, at 2 (citing *Rumsfeld v. F. for Acad. & Institutional Rts., Inc.*, 547 U.S. 47, 52 n.2 (2006)). Moreover, Defendants fail to justify their desired discovery to test the standing of the subset of Plaintiffs on which Defendants focus. Their requested standing discovery is not essential in two ways. Defendants effectively concede Plaintiffs' summary judgment motion can be resolved without discovery as they do not identify any potential discovery into some Plaintiffs, and the discovery they do identify is not warranted.

To wit, Defendants state they need discovery to determine why Plaintiffs fear Iowa Code § 727.8A "if Plaintiffs truly do not believe their conduct constitutes trespass under Iowa's general criminal trespass statute"—as violating Iowa's general trespass statute is one element of violating § 727.8A, the other being engaging in speech. Dkt. No. 26-1, at 5; *see also* Dkt. No. 26-2 ¶ 7(a). But Plaintiff Iowa Citizens for Community Improvement ("ICCI") and its members admit they engage in trespass, explaining § 727.8A's heightened penalties for engaging in trespass and making recordings of that trespass (speech) keeps them from pursuing such activities today. Dkt. No. 23-1, at 6-8 (citing supporting evidence). In other words, Defendants' requested inquiry is irrelevant to ICCI's standing because the record shows ICCI *does* believe its conduct constitutes trespass. In fact, its staff and members have been repeatedly arrested for trespass. *Id.*

In addition, Plaintiff Food & Water Watch ("FWW") explains that its First Amendment rights are being harmed because it cannot use ICCI's recordings in its advocacy. *Id.* at 10-11 (citing supporting evidence). Plaintiff People for the Ethical Treatment of Animals, Inc. ("PETA") states something similar. Dkt. No. 23-3 (Pltfs.' summary judgment appendix) A35 (Kerr Decl. ¶ 16). Defendants' desire to investigate how § 727.8A could deter advocacy if Plaintiffs do not believe they are trespassers has no bearing on FWW's and PETA's ability to establish standing based on their inability to access ICCI's speech. As Plaintiffs' briefing explains, if a law inhibits Plaintiffs

from obtaining information, even if they could not be captured by the law, those Plaintiffs have First Amendment standing. Dkt. No. 23-1, at 10-11 (citing *United States v. Wecht*, 484 F.3d 194, 202 (3d Cir. 2007); *In re Application of Dow Jones & Co., Inc.*, 842 F.2d 603, 607 (2d Cir. 1988); *Animal Legal Def. Fund ("ALDF") v. Reynolds*, 297 F. Supp. 3d 901, 916 (S.D. Iowa 2018)).

Even regarding the Plaintiffs who contend they have standing because they could be charged under § 727.8A, despite them not believing they would rightfully be labeled trespassers, they explain it is the State's own comments—calling these Plaintiffs trespassers and potential trespassers—that led them to believe they could be charged under § 727.8A. Dkt. No. 23, at 8 (citing supporting evidence). These admissions against interest make Defendants' requested discovery irrelevant. Defendants' statements make Plaintiffs' belief they could be charged under § 727.8A reasonable, even if Plaintiffs believe the charge would be improper. *Id.* at 8-9 (citing *281 Care Comm. v. Arneson,* 638 F.3d 621, 628 (8th Cir. 2011)); *see also* Dkt. No. 25 (Pltfs.' Resistance to Motion to Dismiss), at 13-14 (citing *Balogh v. Lombardi*, 816 F.3d 536, 542 (8th Cir. 2016)). Defendants do not require discovery to analyze these Plaintiffs' fear of § 727.8A when Defendants have said these Plaintiffs should be afraid.

Defendants also state they need to probe why Plaintiffs are not deterred by Iowa Code § 716.7A, which prohibits trespass on the "property of a food operation," defined to mean where a food animal is kept or prepared. Iowa Code § 716.7A; *see also* Dkt. No. 26-1, at 5; Dkt. No. 26-2 ¶ 7(b). Again, the suggested discovery has no potential to impact ICCI's standing. ICCI explains it is deterred from entering "open businesses offices" related to factory farming, not food operation areas, and this is only part of § 727.8A chilling effect on ICCI and its members. Dkt. No. 23-3 A8 (ICCI Decl. ¶ 37). Section 727.8A also deters ICCI and its members from engaging in non-violent civil disobedience related to access to health care, the mistreatment of immigrants and refugees,

5

racial injustice, and attacks on democracy, activities Defendants cannot plausibly contend § 716.7A reaches. *Id.* As a result, this discovery also could not potentially undermine FWW's or PETA's standing based on their inability to access ICCI's recordings.

Moreover, Defendants' desired discovery into why the Plaintiffs that do investigate "food operations" are not deterred by § 716.7A is irrelevant as a matter of law. Defendants are trying to turn their legal argument that Plaintiffs' injury cannot be redressed because other statutes might also chill their speech into a factual issue. As Plaintiffs have already briefed, they can challenge any statute that is an obstacle to them proceeding with their desired speech, regardless of whether other laws are also chilling their speech. Dkt. No. 23-1, at 10 (citing *Nat. Res. Def. Council, Inc. v. U.S. FDA*, 710 F.3d 71, 85 (2d Cir. 2013); *ALDF v. Kelly*, 434 F. Supp. 3d 974, 993 (D. Kan. 2020)); *see also* Dkt. No. 25, at 14-15 & n.3. No discovery is appropriate related to Defendants' misstatement of law.

Defendants next state they need discovery to determine the "areas and locations" Plaintiffs investigate with regards to the Plaintiffs that contend § 727.8A chills their "undercover investigations." Dkt. No. 26-1, at 6; Dkt. No. 26-2 ¶ 7(c)-(d). Again, this discovery could not pertain to ICCI's, and FWW's and PETA's related standing, which stems from § 727.8A chilling ICCI's and its members' protests, not their engagement in undercover investigations. Dkt. No. 23-1, at 6-8 (citing supporting evidence). It also appears to be another improper effort to turn Plaintiffs' facial arguments into as-applied claims. Dkt. No. 26-1, at 6.

Defendants' claim that this discovery is required because it "may impact the level of protection afforded under the First Amendment," Dkt. No. 26-1, at 6, is also (again) incorrect as a matter of law. Dkt. No. 23-1, at 14-18 (explaining applying the scrutiny Defendants claim applies, § 727.8A is facially invalid); *see also* Dkt. No. 25, at 31 n.9 (explaining "forum analysis," where

scrutiny varies based on location does not apply when government acts "'as a lawmaker'" passing laws applicable to government and private property (quoting *Int'l Soc. for Krishna Consciousness, Inc. v. Lee*, 505 U.S. 672, 678 (1992)). Therefore, this discovery cannot be essential.

Defendants try to bolster their argument for delay by asserting Plaintiffs will not be prejudiced. Dkt. No. 26, at 3. This *ipse dixit* is groundless. In fact, PETA explains that because another law (Iowa's second Ag-Gag law) was only preliminarily enjoined, it declined to move forward with its investigations in Iowa, waiting for the case to be fully resolved. Dkt. No. 23-3 A35 (Kerr Decl. ¶ 21). ALDF did not wait for the second Ag-Gag law to be permanently enjoined and began planning undercover investigations as soon as the preliminary injunction was entered, *e.g.*, *id.* at A27 (Walden Decl. ¶ 14)—demonstrating that removing any portion of a chilling effect is redress—but § 727.8A has imposed a new chill on these activities. Defendants' suggestion they should be allowed to perpetuate any aspect of § 727.8A's risks, so § 727.8A could potentially suppress some speech, just underscores their disregard for Plaintiffs' First Amendment rights.

Defendants close by claiming denying or delaying adjudication of Plaintiffs' summary judgment motion so it can be refiled later furthers judicial economy. To the contrary, they are asking for delay and discovery against parties who have already established standing in the two-related Ag-Gag cases, hardly indicating an interest in efficiency. *ALDF v. Reynolds*, 353 F. Supp. 3d 812, 819-20 (S.D. Iowa 2019); *ALDF v. Reynolds*, 2019 WL 8301668, at *3 (S.D. Iowa Dec. 2, 2019). Moreover, Defendants request discovery into an issue not raised in Plaintiffs' motion, fail to identify *any* discovery they desire concerning some Plaintiffs' standing (meaning there is no barrier to resolving Plaintiffs' motion), and the discovery they seek against other Plaintiffs is unwarranted. Judicial economy and the Constitution are best served by quickly identifying § 727.8A for what it is: An afront to the First Amendment the State cannot begin to defend.

November 19, 2021

Respectfully submitted,

*/s/ David S. Muraskin*
David S. Muraskin*
Public Justice, P.C.
1620 L. St, NW, Suite 630
Washington, DC 20036
(202) 861-5245
dmuraskin@publicjustice.net
*Lead Counsel for Plaintiffs*
Roxanne Conlin AT0001642
Devin Kelly AT0011691
Roxanne Conlin & Associates, P.C.
3721 SW 61st Street, Suite C
Des Moines, Iowa 50321
(515) 283-1111
roxanne@roxanneconlinlaw.com,
dkelly@roxanneconlinlaw.com,
tadams@roxanneconlinlaw.com
cc: dpalmer@roxanneconlinlaw.com
*Counsel for Plaintiffs*

Cristina Stella*
Kelsey Eberly*
Christine Ball-Blakely*
Animal Legal Defense Fund
525 East Cotati Avenue
Cotati, CA 94931
(707) 795-2533
cstella@aldf.org
keberly@aldf.org
cblakley@aldf.org
*Counsel for Animal Legal Defense Fund and Bailing out Benji*

Matthew Strugar*
Law Office of Matthew Strugar
3435 Wilshire Blvd., Suite 2910
Los Angeles, CA 90010
(323) 696-2299
matthew@matthewstrugar.com
*Counsel for Animal Legal Defense Fund*

Aaron Frazier*
Foundation to Support Animal Protection
(PETA Foundation)
501 Front Street
Norfolk, VA 23510
(757) 622-7382
AaronF@PetaF.org
*Counsel for People for the Ethical Treatment of Animals, Inc.*

Tyler Lobdell*
Food & Water Watch
1616 P Street NW, #300
Washington, D.C. 20036
(208) 209-3569
tlobdell@fwwatch.org
*Counsel for Food & Water Watch*

* Pro Hac Vice Admission

## **CERTIFICATE OF SERVICE**

I hereby certify that on this date I electronically filed the foregoing paper with the Clerk of Court by using the CM/ECF system. All participates in this case are registered CM/ECF users and will be served by that system.

Date: November 19, 2021            _/s/ David S. Muraskin_

                                             David S. Muraskin*
Public Justice, P.C.
1620 L. St, NW, Suite 630
Washington, DC 20036
(202) 861-5245
dmuraskin@publicjustice.net
Counsel for Plaintiffs

* Pro Hac Vice Admission